UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE, REGION 3
Fran B. Steele, Esquire (FS 6336)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Wen-Kev Management, Inc., et al., | Case No. 13-36463(RG) |
| | Chapter 11 (Jointly Administered) |
| Debtors. | Hearing Date: January 8, 2014 @ 11:00 a.m. |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR ORDERS PURSUANT TO SECTIONS 105(a), 363, 365, AND 1146 OF THE BANKRUPTCY CODE (A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH CERTAIN OF THE DEBTORS WILL SOLICIT BIDS FOR THE SALE OF THEIR ASSETS; (B) APPROVING PROCEDURES FOR SUBMISSION OF COMPETING BIDS; (C) APPROVING BREAKUP FEE PROVISION; (D) SCHEDULING A HEARING TO CONSIDER APPROVAL OF SUCH SALE AFTER BIDDING PROCESS HAS BEEN COMPLETED; (E) APPROVING THE FORM AND MANNER OF NOTICE OF AUCTION PROCEDURES AND SALE HEARING; (F) AUTHORIZING THE OPENING BID AMOUNT IN FAVOR OF WENESCO RESTAURANT SYSTEMS, LLC; (G) AUTHORIZING THE SALE OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER CLAIMS OF INTEREST AND TRANSFERRING SUCH CLAIMS TO THE PROCEEDS OF SALE; (H) REQUIRING THE LANDLORDS OF THE ASSETS BEING SOLD TO FILE ARREARAGE CLAIMS WITH THE COURT BY FEBRUARY 1, 2014 OR BE BARRED FROM ASSERTING SUCH CLAIMS, IF ANY, AND ASSUMING AND ASSIGNING THE LEASES TO THE HIGHEST BIDDER; (I)APPROVING THE FORM OF THE ASSET PURCHASE AGREEMENT; AND (J) GRANTING RELATED RELIEF INCLUDING, IF NECESSARY, A HEARING UNDER 11 U.S.C. § 506**

The United States Trustee ("UST"), by and through her counsel, and in furtherance of her duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this limited objection (the "Objection") To Debtors' Motion For Orders Pursuant To Sections 105(a), 363, 365, And 1146

Of The Bankruptcy Code (a) Authorizing And Scheduling An Auction At Which Certain Of The Debtors Will Solicit Bids For The Sale Of Their Assets; (b) Approving Procedures For Submission Of Competing Bids; (c) Approving Breakup Fee Provision; (d) Scheduling A Hearing To Consider Approval Of Such Sale After Bidding Process Has Been Completed; (e) Approving The Form And Manner Of Notice Of Auction Procedures And Sale Hearing; (f) Authorizing The Opening Bid Amount In Favor Of Wenesco Restaurant Systems, LLC; (g) Authorizing The Sale Of The Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Claims Of Interest And Transferring Such Claims To The Proceeds Of Sale; (h) Requiring The Landlords Of The Assets Being Sold To File Arrearage Claims With The Court By February 1, 2014 Or Be Barred From Asserting Such Claims, If Any, And Assuming And Assigning The Leases To The Highest Bidder; (i)Approving The Form Of The Asset Purchase Agreement; And (j) Granting Related Relief Including, If Necessary, A Hearing Under 11 U.S.C. §506. (the "Sale Procedures Motion"), and respectfully states as follows:

## BACKGROUND

1.  On December 4, 2013, (the "Filing Date"), each of Wen-Kev East 125, LLC, Wen-Kev Bayonne, Inc., Wen-Kev, Inc., Wen-Kev Jersey City One, Inc., Wen-Kev Jersey City Two, Inc., Wen-Kev Matawan, Inc., Wen-Kev Third Avenue LLC, and Wen-Kev Tinton Falls, Inc. filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since the Filing Date, the Debtors have remained in possession of their assets and continued in the management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  An official committee of unsecured creditors has not been appointed in these cases.

3.  The Debtors own and operate eight (8) 'Wendy's" restaurants in New Jersey and New York (the "Restaurants"), with each Debtor owning and operating one Restaurant.

4.  The Debtors are controlled by the Estate of Kevin Rasquinha through its personal representative, Keith Rasquinha.

5.  On December 31, 2013, the Debtors filed the within Sale Procedures Motion. *See* Docket Entry 35.

6.  Through the Sale Procedures Motion, the Debtor seeks to sell the Debtors rights, titles and interests in and to the following properties and assets used exclusively in connection with the Restaurants, free and clear of all Liens and Claims to Wenesco Restaurant Systems, LLC ("Wenesco"), for Seven Million Seven Hundred Thousand Dollars, ($7,700,000.00). *See* Sale Procedures Motion, ¶ 11 B.

7.  Pursuant to the Sale Procedures Motion, the Debtors are requesting a Breakup fee (the "Breakup Fee") be paid to Wenesco at closing as a breakup fee in the amount of $200,000 in the event the Assets are sold at the Auction Sale and Wenesco is not the Highest Bidder. The Debtors set forth that this Breakup Fee is to be deemed earned and shall be paid in consideration of the substantial cost and expense incurred by Wenesco to move forward with the negotiation and preparation of the Asset Purchase Agreement…and in recognition of the present benefit gained by the Debtors in allowing Wenesco"s offer to be subject to a higher bid pursuant to the requested Auction Procedures. *See* Sale Procedures Motion, ¶ 11C

8.  For the reasons set forth below, the Breakup Fee should not be approved at this time.

**OBJECTION**

**The Breakup Fee Should Not Be Approved With the Sale Procedures Motion**

9.      In *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999), the Third Circuit established the standard that this Court must apply in determining whether to approve the Breakup Fee. In *O'Brien*, the Third Circuit expressly rejected the application of the "business judgment rule" to the issue of Breakup fees in the bankruptcy context. *Id*. at 535.

10.     Rather than applying the deferential "business judgment rule," the Third Circuit in *O'Brien* held that Breakup fees must be treated as administrative expense claim under 11 U.S.C. § 503(b)(1)(A), "which requires that an expense provide some benefit to the debtor's estate." *Id*. at 536. Thus, anyone seeking a Breakup fee in the Third Circuit bears the significant burden of proving that the Breakup fee was "actually necessary to preserve the value of the estate." *Id*. at 535.

11.     It is premature for the Court to make a determination on the Breakup Fee at this time. To receive the Breakup Fee as an 11 U.S.C. § 503(b) claim, the Stalking Horse Bidder will have to show that having a stalking horse bidder conferred a benefit to the estate in some verifiable amount. *Cf. In re America West Airlines, Inc.*, 166 B.R. 908, 912-13 (Bankr. D. Ariz. 1994) ("the proposed Breakup fee does not meet the standard of [11 U.S.C. §] 503 because it is not correlated to any transactional cost or expense incurred by the negotiating bidder"); *In re Hupp Industries, Inc.*, 140 B.R. 191, 196 (Bankr. N.D. Ohio 1992) (denying Breakup fee where "assertion of unforeseen and unspecified liquidated damages . . . is insufficient to establish" that a benefit was conferred on estate). These facts obviously cannot be discerned until after the auction has occurred.

12.     There is nothing before the Court at this time to support the proposed Breakup Fee as contemplated under *O'Brien* or §503(b)(1)(A). Accordingly, in the event that the Debtors

accept a higher and better offer, the determination as to whether the Breakup Fee should be allowed should occur after the auction takes place and upon separate motion on notice to all interested parties.

WHEREFORE, in light of the foregoing, the United States Trustee respectfully requests that the Sale Procedures Motion not be approved in its current form, and that this Court grant such further relief as is just and equitable.

                          Respectfully submitted,

                          ROBERTA A. DeANGELIS
                          UNITED STATES TRUSTEE

                          By:    */s/ Fran B. Steele*
                                  Fran B. Steele
                                  Trial Attorney

January 6, 2014