**ARTHUR J. ABRAMOWITZ (AA3724)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive
Suite 200
Moorestown, NJ  08057
(856) 662-0700

Attorneys for Wendy's International, LLC

| | | |
|---|---|---|
| In re: | : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| WEN-KEV, INC., <u>et al.</u>, | : | CHAPTER 11 |
| Debtors. | : | CASE NO. 13-36463 (RG) |
| | : | (Jointly Administered) |

**LIMITED OBJECTION OF WENDY'S INTERNATIONAL, INC., TO DEBTORS' MOTION FOR ORDERS PURSUANT TO SECTIONS 105(A), 363, 365 AND 1146 OF THE BANKRUPTCY CODE (A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH CERTAIN OF THE DEBTORS WILL SOLICIT BIDS FOR THE SALE OF THEIR ASSETS; (B) APPROVING PROCEDURES FOR SUBMISSION OF COMPETING BIDS; (C) APPROVING BREAKUP FEE PROVISION; (D) SCHEDULING A HEARING TO CONSIDER APPROVAL OF SUCH SALE AFTER BIDDING PROCESS HAS BEEN COMPLETED; (E) APPROVING THE FORM AND MANNER OF NOTICE OF AUCTION PROCEDURES AND SALE HEARING; (F) AUTHORIZING THE OPENING BID AMOUNT IN FAVOR OF WENESCO RESTAURANT SYSTEMS, LLC; (G) AUTHORIZING THE SALE OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER CLAIMS OF INTEREST AND TRANSFERRING SUCH CLAIMS TO THE PROCEEDS OF SALE; (H) REQURING THE LANDLORDS OF THE ASSETS BEING SOLD TO FILE ARREARAGE CLAIMS WITH THE COURT BY FEBRUARY 1, 2014 OR BE BARRED FROM ASSERTING SUCH CLAIMS, IF ANY, AND ASSUMING AND ASSIGNING THE LEASES TO THE HIGHEST BIDDER; (I) APPROVING THE FORM OF THE ASSET PURCHASE AGREEMENT; AND (J) GRANTING RELATED RELIEF <u>INCLUDING, IF NECESSARY, A HEARING UNDER 11 U.S.C. § 506</u>**

904122.2

Wendy's International, LLC, formerly Wendy's International, Inc. ("Wendy's"), hereby submits this limited objection (the "Objection") to the Motion for Orders Pursuant to Sections 105(a), 363, 365, and 1146 of the Bankruptcy Code (A) Authorizing and Scheduling an Auction at Which Certain of the Debtors will Solicit Bids for the Sale of Their Assets; (B) Approving Procedures for Submission of Competing Bids; (C) Approving Breakup Fee Provision; (D) Scheduling a Hearing to Consider Approval of Such Sale After Bidding Process Has Been Completed; (E) Approving the Form and Manner of Notice of Auction Amount in Favor of Wenesco Restaurant Systems, LLC; (G) Authorizing the Sale of the Assets Free and Clear of all Liens, Claims, Encumbrances and Other Claims of Interest and Transferring Such Claims to the Proceeds of Sale; (H) Requiring the Landlords of the Assets Being Sold to File Arrearage Claims with the Court by February 1, 2014 or be Barred from Asserting Such Claims, if any, and Assuming and Assigning the Leases to the Highest Bidder; (I) Approving the Form of the Asset Purchase Agreement; and (J) Granting Related Relief Including, if Necessary, a Hearing Under 11 U.S.C.§ 506 (the "Motion") filed by the above captioned debtors and debtors in possession (the "Debtors").  While Wendy's believes that the Debtors' assets should be sold by auction, it objects to several of the provisions of the proposed order.  In support of the Objection, Wendy's respectfully represents as follows:

1.     On December 4, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title of the United States Code, 11 U.S.C. § 101, et seq.

2.     The Debtors own and operate eight separate Wendy's or Wendy's Old Fashioned Restaurants in New Jersey and New York pursuant to Wendy's International, Inc. Unit Franchise

904122.2

Agreements with Wendy's (the "Franchise Agreements").[1] The Franchise Agreements are significant assets of the Debtors.

3. Prior to the Petition Date the Debtors and Wendy's were actively attempting to locate a buyer for the Debtors' assets.

4. On December 31, 2013, the Debtors filed the Motion seeking, inter alia, an order approving certain procedures for submitting competing bids to that of Wenesco restaurant Systems, LLC ("Wenesco").

5. The Motion, however, ignores several of Wendy's rights under the Franchise Agreements, which rights should be protected as part of any sale process. The Court should require that the Debtors comply with these requirements prior to approving the auction and bid procedures or the sale of the Debtors' assets.

6. The Motion does not include a request to assume and assign the Franchise Agreements pursuant to section 365 of the Bankruptcy Code; a provision for the payment of cure amounts that the Debtors owe to Wendy's and its affiliates; or a procedure for Wendy's to submit the cure amounts owed under the Franchise Agreements. Moreover, the proposed order does not include any provisions allowing for the assumption and assignment of the Franchise Agreements or for prompt payment of the cure amounts owed to Wendy's. The Debtors should be required to pay the cure amounts to Wendy's at the time of closing of the sale, directly from the proceeds of the sale.

7. The Motion does not include a requirement that potential bidders must be approved by Wendy's prior to designating such potential bidder as an "Acceptable Bidder." The Franchise Agreements provide that Wendy's has the right to determine whether a potential

---

[1] The Franchise Agreements are proprietary and contain confidential commercial information. Therefore, Wendy's has not attached a copy of the Franchise Agreements to this Objection. Wendy's will make copies of the Franchise Agreements available upon request and entry into an appropriate non-disclosure/confidentiality agreement.

904122.2

purchaser and assignee of the Franchise Agreement is qualified and acceptable to Wendy's. Any order establishing bid procedures should include a requirement that potential bidders be approved by Wendy's prior to being designated as an Acceptable Bidder.

8. Under the Franchise Agreements, Wendy's has the right of first refusal for the sale of any franchise. Wendy's has not waived such right of first refusal and specifically reserves this right. Wendy's is prepared to make a decision related to whether it will exercise its right of first refusal at the conclusion of the auction. Wendy's submits that any order approving bid and auction procedures should protect Wendy's contractual right of first refusal.

9. Similarly, § 1.09(c) of the Debtors' proposed Asset Purchase Agreement requires that the Debtors deliver a written waiver which includes a representation that Wendy's has waived its right of first refusal. As discussed above, Wendy's has <u>not</u> waived the right of first refusal. Wendy's will determine whether to exercise or waive its right of first refusal at the conclusion of the auction.

10. Therefore, while Wendy's believes that it is appropriate for the Debtors to sell their assets and to complete the sale by way of an auction process, any order approving an auction process should include additional provisions addressing the issues discussed in this Objection.

11. Wendy's reserves the right to amend or supplement this Objection, to object to any proposed sale transaction, and to object to any pleadings filed in support or opposition to the proposed bidding procedures or the sale.

904122.2

Wherefore, Wendy's respectfully requests that the Court: (a) grant the Motion; (b) enter a bidding procedures order which appropriately addresses the issues raised in this Objection; and (c) grant such other and further relief as is just and proper.

DATED: January 7, 2014

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

By:      /s/ Jerrold N. Poslusny, Jr.
     Arthur J. Abramowitz
     Jerrold N. Poslusny, Jr.

Attorneys for Wendy's International, LLC

904122.2