| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**FORMAN HOLT ELIADES & YOUNGMAN LLC**<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07652<br>(201) 845-1000<br>Attorneys for Charles M. Forman<br>Chapter 7 Trustee of the Affiliated Debtors (as defined herein)<br>Michael J. Connolly (MC7610) | |
| In Re:<br><br>WEN-KEV MANAGEMENT, INC., et al.,<br><br>Debtor. | Case No. 13-36463(RG)<br>Chapter 11 (Jointly Administered)<br><br>Hearing Date: February 6, 2014 |

**LIMITED OBJECTION OF CHARLES M. FORMAN, CHAPTER 7 TRUSTEE FOR AFFILIATED DEBTORS, TO DEBTORS' MOTION FOR ORDERS PURSUANT TO SECTIONS 105(A), 363,365 AND 1146 OF THE BANKRUPTCY CODE (A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH CERTAIN OF THE DEBTORS WILL SOLICIT BIDS FOR THE SALE OF THEIR ASSETS…AND RELATED RELIEF (Docket No. 35).**

Charles M. Forman, the Chapter 7 Trustee for the bankruptcy estates of: (i) Wen-Kev Livingston, LLC (Case No. 13-36476); (ii) Wen-Kev Jersey City One, LLC (Case No. 13-36477); (iii) Wen-Kev Jersey City Two, LLC (Case No. 13-36478); (iv) Wen-Kev Tinton Falls, LLC (Case No. 13-36479); (v) Wen-Kev Keyport, LLC (Case No. 13-36480); (vi) Wen-Kev Lafante Way, LLC (Case No. 13-36482); (vii) Wen-Kev 25 Route 35, LLC (Case No. 13-36483); (viii) Wen-Kev Eatontown, Inc. (Case No. 13-36475); and (ix) Rasquinha and Associates LLC (Case No. 13-36484) (the "Affiliated Debtors"), for his Limited Objection to the Debtors' Motion for Orders Pursuant to Sections 105(a), 363 and 1146 of the Bankruptcy Code (A) Authorizing and Scheduling an Auction at Which Certain of the Debtors Will Solicit Bids

00317726 - 1

for the Sale of Their Assets… and related relief (Docket No. 35) (the "Sale Motion") states as follows:

## SUMMARY OF POSITION

Charles M. Forman, Chapter 7 Trustee of the Affiliated Debtors (the "Affiliated Debtors' Chapter 7 Trustee"), does not object to the Sale Motion to the extent that it authorizes the sale of the Debtors' designated assets. The Affiliated Debtors' Chapter 7 Trustee also does not object to the distribution of sales proceeds as set forth in paragraph 17 of this Court's Order of January 14, 2014 (Docket No. 49) authorizing payments to the Senior Lender's secured claims and cure and compensation amounts to certain landlords and Wendy's International, LLC. The Affiliated Debtors' Chapter 7 Trustee also agrees with paragraph 17 of this Court's Order of January 14, 2014 that Debtors' counsel should hold the remaining sales proceeds in a trust account pending further order of the Court. See Docket No. 49 at page 26, par. 17. The Affiliated Debtors' Chapter Trustee believes that, at the conclusion of the sale: (1) cause may exist for the conversion of these cases to ones under Chapter 7 of the Bankruptcy Code; (2) that cause may also exist for the consolidation of these cases with those of the Affiliated Debtors; and (3) that the proceeds of sale may require apportionment and distribution for the benefit of the creditors of these Debtors and the Affiliated Debtors. The Affiliated Debtors' Chapter 7 Trustee reserves all rights to seek further relief in this regard.

## BACKGROUND

1.  On December 4, 2013, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. On December 11, 2013, this Court ordered the joint administration of the Debtors' cases. (Docket No. 18).

2.  On December 4, 2013, the Affiliated Debtors also each filed voluntary petitions

for relief under Chapter 7 of the United States Bankruptcy Code. On December 6, 2013, the Charles M. Forman was appointed the Chapter 7 Trustee for the estates of each of the Affiliated Debtors.

3. On January 6, 2014, the Affiliated Debtor's Chapter 7 Trustee conducted a Meeting of Creditors for the Affiliated Debtors. The Affiliated Debtors' representative, Keith Rasquinha, testified, among other things, that: (1) the Debtors and the Affiliated Debtors engaged in similar business operations; (2) that the Debtors and the Affiliated Debtors shared common ownership, a now deceased individual, Kevin Rasquinha; (3) that Kevin Rasquinha was the sole officer of the Debtors and the Affiliated Debtors; (4) that the Debtors and the Affiliated Debtors' management and financial operations were conducted from a centralized office in Jersey City; (5) that the Debtors and the Affiliated Debtors shared one common operating account and a common management account; (6) that all of the bills for the Debtors and Affiliated Debtors were paid from a common operating account; (7) that an "operations manager" assigned responsibility for multiple Affiliated Debtors or Debtors was paid from the entity that had the "maximum cash flow."

4. At least some of the Affiliated Debtors share a common secured creditor with the Debtors. Some of the Affiliated Debtors state in their Schedules that they are also indebted to the same senior secured creditor that holds claims against the Debtor – General Electric Capital Credit.

5. Like the Debtors, all of the Affiliated Debtors state in their Schedules that they are subject to claims (some characterized as "disputed") by federal taxing agencies. Some Affiliated Debtors also state in their Schedules that they have claims owed to state taxing agencies.

6. The investigation into the operations, affairs, assets and liabilities of the Affiliated Debtors is ongoing. The Affiliated Debtors' Chapter 7 Trustee is also investigating the interrelationships between the Debtors and the Affiliated Debtors.

7. Through the Sale Motion, the Debtors' propose to sell substantially all of their assets (the "Sale").

8. The Sale Motion further provides that the proceeds of from the Sale will be used to pay the Senior Lender's secured claims and cure and compensation amounts to certain landlords and Wendy's International, LLC. The Sale Motion further provides that the Debtors' counsel will hold the remaining sales proceeds in a trust account pending further order from this Court.

### THE POSITION OF THE AFFILIATED DEBTORS' CHAPTER 7 TRUSTEE

9. The Affiliated Debtors' Chapter 7 Trustee supports the Sale to the highest and best good faith purchaser.

10. The Affiliated Debtors' Chapter 7 Trustee also supports the payment from the sales proceeds towards the Senior Lender's secured claims and cure and compensation amounts to certain landlords and Wendy's International, LLC.

11. Once the Sale is completed, it appears that there may not be any significant purpose to continuing the Debtors' cases as reorganizations under Chapter 11 of the United States Bankruptcy Code. After the Sale, the Debtors will no longer be operating, their physical assets and franchise rights will be conveyed away, the debt of the Senior Secured Creditors will be eliminated, or dramatically reduced, and the rights, claims and issues with the Debtors' franchisor will be significantly resolved. Under such circumstances, it appears that cause may exist for the conversion of these cases to liquidation proceedings under Chapter 7 of the

Bankruptcy Code.

12. It also appears that cause may also exist to consolidate the bankruptcy cases of the Affiliated Debtors and the Debtors in the event that the Debtors' cases are converted. As indicated above, it appears from the testimony at the Meeting of Creditors, the information in the Affiliated Debtors' schedules, and the Affiliated Debtors' Chapter 7 Trustee's preliminary investigation, that the Affiliated Debtors and Debtors shared common ownership, common management, a common headquarters, common secured creditors, similar obligations to taxing authorities, operated using a common, comingled operating account, and otherwise conducted operations in a manner that may warrant consolidation of the cases.

13. The Affiliated Debtors' Chapter 7 Trustee is continuing to investigate these matters. The Affiliated Debtors' Chapter 7 Trustee reserves his right to seek further and appropriate relief, including but not limited to requests for conversion of these cases and consolidation of these cases with those of the Affiliated Debtors.

14. In the interim, the Affiliated Debtors' Chapter 7 Trustee respectfully requests that this Court continue to order that the Debtors' counsel hold the proceeds from the Sale in escrow and that no distributions be made from the proceeds other than those set forth above pending further development on the matters addressed herein.

Respectfully submitted,

**FORMAN HOLT ELIADES & YOUNGMAN LLC**
Attorneys for Charles M. Forman, Chapter 7 Trustee
of the Affiliated Debtors (as defined herein)

By: /s/ *Michael J. Connolly*
　　　Michael J. Connolly

Dated: February 5, 2013

5